# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

HENRIK PAPIKYAN,

       Petitioner,

  v.

FERETI SEMAIA, et al.,

       Respondents.

Case No. EDCV 26-1824-SB (AS)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE**

     The Court has reviewed the habeas corpus petition, all the records herein, the Report and Recommendation (R&R) of U.S. Magistrate Judge, and Petitioner's Objections to the R&R.   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of those portions of the R&R to which Objections were directed.[1]   In considering the scope of any appropriate relief, the Court ordered supplemental briefing to address Petitioner's claim that he was arrested without a warrant in violation of the Immigration and

---

[1] While Petitioner notes in his objections that his prior arrest for simple battery was under Cal. Penal Code § 243(a), the objection is not material to the R&R.

Nationality Act regulations.  Dkt. No. 12.  Having completed its review, the Court accepts the findings, conclusions, and recommendations in the R&R.

The magistrate judge recommends that Petitioner be provided with a new individualized bond hearing and no other relief:

> Accordingly, Petitioner is entitled to a new individualized bond hearing at which the government must bear the burden to demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community.  Although Petitioner contends that he instead merits immediate release, and another bond hearing would be futile, the present record does not support that determination.  Among other things, while Petitioner's mere arrests do not suffice, a proper review of his criminal history may indeed support a finding of dangerousness, and it is the [immigration judge's] role to assess and weigh such evidence.  Additionally, while Petitioner also claims that his arrest violated the Fourth Amendment and the [Immigration and Nationality Act, release from custody generally is not warranted for unlawful arrest where there are otherwise sufficient grounds for detention.

Dkt. No. 10, at 9.  Petitioner filed a partial objection to the R&R, contending that the proposed relief is too limited and that he should be released from custody.[2] Dkt. No. 11 at 1-2.

In the habeas petition, Petitioner claimed that his detention is unlawful because he was arrested without a warrant or probable cause.  Dkt. No. 1 ¶¶ 55–58.  With its supplemental brief, the government provided evidence of the administrative warrant served on Petitioner the day of his arrest.  Dkt. No. 13-1.  In response, Petitioner challenges the warrant primarily on the basis that it was issued before the notice to appear.  Dkt. No. 14 at 3.  He fails to show, however, that this argument—even if meritorious (which the Court does not decide)—warrants his release.  As the Supreme Court has held:  "A writ of habeas corpus is not like an

---

[2] The government did not object to the R&R.  The Court therefore accepts the finding that a new individualized bond hearing is warranted.

action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923).[3]  Here, the government exercised arrest authority under 8 U.S.C. § 1226(a), and any challenge to whether Petitioner presents a flight risk or danger to the community must be determined by an immigration judge.  *See Jose Adrian Dado Urias v. Warden-Facility Administrator*, No. 5:26-CV-01972-JWH, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) (concluding "the proper remedy [for an unlawful detention] is an individualized bond hearing under 8 U.S.C. § 1226(a) rather than immediate release").

The objections are therefore overruled.  **IT IS ORDERED** that Judgment be entered granting the Petition to the extent that Respondents are enjoined from continuing to detain Petitioner unless he is provided with a new bond hearing within seven (7) days at which  the government bears the burden to prove by clear and convincing evidence that Petitioner poses a risk of flight or danger to the community; and otherwise denying the Petition.  **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and counsel for Respondent.

DATED:  May 22, 2026

_____
Stanley Blumenfeld Jr.
U.S. District Judge

[3] Petitioner attempts to dismiss *Bilokumsky* based on its age, arguing that the "opinion [is] over 100 years old, and far predate[s] the modern body of immigration and due process law."  Dkt. No. 14, at 9.  But Supreme Court precedent does not have an expiration date, and Petitioner cites no subsequent authority overruling or abrogating *Bilokumsky*.